FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2020 FEB 11  PM 3: 29

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CLERK_____
SO. DIST. OF GA.

| | | |
|---|---|---|
| ELIZABETH ELINKNAN, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CV418-108 |
| | ) | |
| RP FIELD SERVICE LLC, and | ) | |
| NATIONAL CREDITORS CONNECTIONS, | ) | |
| INC., | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |

## O R D E R

Before the Court is the parties' Renewed Consent Motion for
Approval of Settlement and Dismissal. (Doc. 62.) Pursuant to Lynn's
Food Stores, Inc. v. United States, 679 F.2d 1350, 1350 (11th Cir.
1982), and 29 U.S.C. § 216(b), the Court must scrutinize the
proposed settlement of Fair Labor Standards Act ("FLSA") claims
for fairness before entering a stipulated judgment. After careful
consideration, the Court again declines to accept the proposed
settlement agreement.

On March 25, 2019, the parties attempted to stipulate to the
dismissal of this case after reaching a negotiated settlement.
(Doc. 60.) Upon the parties' request, the Court conditionally
certified the FLSA collective class, but did not approve the
parties' proposed settlement. (Doc. 61.) Because the parties'
claims involved allegations that Defendants violated the overtime

wage provision and minimum wage provision of the FLSA, 29 U.S.C. § 201 et seq., the Court was required to determine that the settlement was "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1354. The Court was unable to assess if the settlement was fair or reasonable because the parties failed to notify putative plaintiffs of the settlement terms and the parties failed to provide the Court with the amount each opt-in plaintiff would receive under the settlement. (Doc. 61.) The Court directed the parties to refile a request for settlement after the putative plaintiffs were given the opportunity to opt-in to the settlement agreement or object to its terms. (Id. at 8.)

The parties have now submitted a Renewed Consent Motion for Approval of Settlement and Dismissal. (Doc. 62.) The Court declines to accept the proposed settlement agreement for the following four reasons: (1) the parties failed to notify putative plaintiffs of the settlement; (2) the parties failed to discuss liquidated damages; (3) the Court cannot assess the reasonableness of the attorneys' fees; and (4) the release provision in the Settlement Agreement is too pervasive. The Court will address each issue in turn.

I. FAILURE TO NOTIFY PUTATIVE PLAINTIFFS

As an initial matter, the parties ignored the Court's directive to notify the 397 putative plaintiffs of the settlement.

2

In its previous Order, the Court permitted the parties to refile a request for settlement approval only after the parties provided the putative plaintiffs an opportunity to opt-in to the settlement or object to its terms. (Doc. 61 at 8.) Additionally, to assess the fairness of the settlement, the Court required information regarding the amounts each plaintiff who opted-in to the settlement would receive. (Id.) In their renewed motion, the parties provided the Court with each putative plaintiff's pro rata allocation of the settlement award which the parties agree would not change based on the number of plaintiffs that choose to opt-in to the settlement. (Doc. 62 at 2-3.) However, rather than notify the putative plaintiffs of the settlement, the parties argue in their renewed motion that such notification is not required. (Id. at 6.) The Court disagrees and, therefore, will not approve the settlement at this time.

"A district court has discretionary authority over the notice-giving process for FLSA collective actions." Alexander v. CYDCOR, Inc., No. 1:11-CV-01578-SCJ, 2012 WL 1142449, at *5 (N.D. Ga. Apr. 6, 2012). Using this discretion, a court may withhold final approval of a FLSA settlement until putative plaintiffs have been provided "notice and an opportunity to opt-in and object to

the settlement terms."[1] <u>Mygrant v. Gulf Coast Rest. Group, Inc.</u>,
No. 18-0264-WS-M, 2019 WL 4620367, *3 (S.D. Ala. Sept. 23, 2019);
<u>see also</u> <u>Goldsby v. Renosol Seating, LLC</u>, No. 2:08-0148-KD-N, 2013
WL 6535253, at *10 (S.D. Ala. Dec. 13, 2013) (requiring "the opt-
in plaintiffs have had notice of the settlement and an opportunity
to object"). Because the settlement must be fair and reasonable to
all claimants, "[i]t would be premature for the [c]ourt to
definitely decide the fairness and reasonableness of the proposed
settlement when [most] of the potential claimants have had no
opportunity to identify unfair or unreasonable aspects of the
settlement proposal."[2] <u>Mygrant</u>, 2019 WL 4620367, at *2; <u>see also</u>
<u>Warren v. Cook Sales, Inc.</u>, No. 15-0603-WS-M, 2017 WL 325829 at *6
(S.D. Ala. Jan. 23, 2017) (noting the absence of objections from
opt-in plaintiffs as a consideration in evaluating the fairness
and reasonableness of an FLSA settlement).

Moreover, "[i]n an FLSA action, unlike in a Rule 23 class
action, a named plaintiff can represent others only when they
affirmatively opt-in to the case." Therefore, a final FLSA

---

[1] Although Plaintiff has identified courts that choose not to
withhold approval until the opt-in process is complete, this Court
chooses to use its discretion to withhold final approval.
[2] In <u>Mygrant</u>, the court found that preliminary approval of the
settlement, but not final approval, could be appropriate prior to
notification of the putative plaintiffs. 2019 WL 4620367, *3.
However, for the reasons explained in the following sections,
preliminary approval of the parties' Settlement Agreement is
premature.

settlement approval prior to notifying putative plaintiffs allows named plaintiffs to "exceed their authority by settling on behalf of non-parties." <u>Mygrant</u>, 2019 WL 4620367, at *3; <u>see also</u> <u>Copeland-Stewart v. New York Life Ins. Co.</u>, No. 8:15-CV-159-T-23AEP, 2016 WL 231237 at *2 (M.D. Fla. Jan. 19, 2016) (requiring future opt-in plaintiffs be notified prior to final settlement approval because "[i]f a named plaintiff has no independent right to represent others that have yet to appear, the named plaintiff has no authority to settle their as yet unasserted claims" (internal quotation marks and citations omitted)). In this case, the Court will not approve the settlement because the 397 putative plaintiffs have not been provided notice of the settlement or an opportunity to object to its terms. Therefore, the parties are **DIRECTED** to provide the putative plaintiffs notice of the settlement and allow them time to object to the settlement terms prior to filing a third request for settlement approval.

II.   <u>LIQUIDATED DAMAGES</u>

Along with the absence of proper notification, the parties' motions and Settlement Agreement lack an explanation regarding liquidated damages. Section 216(b) of the FLSA provides that an employer who violates the minimum wage or overtime provisions "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated

damages." 29 U.S.C. § 216(b). The parties' motions for settlement approval or their Settlement Agreement must indicate how much of the award is allotted to liquidated damages, even if the employer does not admit fault, or explain why liquidated damages were not included. See Melvin v. People Sales & Profit Co., Inc., No. CV 214-012, 2015 WL 13648559, at *2 (S.D. Ga. Jan. 23, 2015); see also Eigenberger v. Tokyo Statesboro GA, LLC, No. CV617-160, 2018 WL 4677873, at *2 (S.D. Ga. July 2, 2018) ("Therefore, the parties should state how much of the settlement they have allotted to back wages and liquidated damages, respectively, as well as the process by which they arrived at these totals. If the settlement does not include both back wages and liquidated damages, the parties must explain why it does not.").

According to the Settlement Agreement, "[t]he parties agree that this Agreement is intended to settle a bona fide dispute concerning allegedly unpaid minimum wage and overtime wages, . . . liquidated damages . . . ." (Doc. 60, Attach. 4 at 6.) However, the parties do not indicate how much of the settlement is allocated as a liquidated damages award and fail to explain why liquidated damages are not included in the award. Thus, the parties are **DIRECTED** to explain how much, if any, of the settlement funds are allocated as liquidated damages in any future motion for settlement approval.

6

III. <u>ATTORNEYS' FEES</u>

The Court also finds that it cannot assess the fairness or reasonableness of the attorneys' fee award based on the parties' motions or Settlement Agreement. In a fairness assessment, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." <u>Silva v. Miller</u>, 307 F. App'x 349, 351 (11th Cir. 2009). This Court is, therefore, required to review the settlement to ensure that the attorneys' fees are both reasonable and that the attorneys' fees were agreed upon separately and without regard to the amount paid to the Plaintiff for liquidated damages and unpaid wages. <u>Id.</u>; <u>see also</u> <u>Morris v. Augusta-Richmond Cnty., Georgia</u>, No. 1:14-cv-196, 2017 WL 1078643, at *2 (S.D. Ga. Mar. 21, 2017); <u>Barnes v. Ferrell</u> <u>Elec., Inc.</u>, No. CV113-056, 2013 WL 5651903, at *2 (S.D. Ga. Oct. 16, 2013); <u>Bonetti v. Embarq Mgmt. Co.</u>, 715 F.Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that a motion to approve settlement agreement must include a representation that the attorneys' fees were agreed upon separately and without regard to the amount paid to the plaintiff).

Neither the parties' motions nor their Settlement Agreement assert that the attorneys' fees were agreed upon separately and without regard to the settlement amount. In contrast, the

attorneys' fees are a contingency fee arrangement based one-third of the settlement amount. (Doc. 60, Attach. 1 at 14.) As a result, the Court finds that the parties have not demonstrated that the requested attorneys' fees are reasonable. See <u>Petrov v. Cognoscenti Health Inst., LLC</u>, No. 6:09-cv-1918-Orl-22GJK, 2010 WL 557062, at *2 (M.D. Fla. Feb. 11, 2010) ("In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements.").

In the alternative, the parties argue in their first motion for settlement approval (Doc. 60) that the attorneys' fees are reasonable because the requested fees do not exceed attorneys' fees calculated using the lodestar analysis. Under the lodestar analysis, "[t]he starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." <u>Bivins v. Wrap It Up, Inc.</u>, 548 F. 3d 1348, 1350 (11th Cir. 2008) (internal quotations omitted).

The Settlement Agreement provides that Plaintiffs' counsel may seek $158,333.33 in attorneys' fees. (Doc. 60, Attach. 1 at 14.) Plaintiffs' counsel contends that, based on the attorneys' rates and hours expended on the matter, attorneys' fees would equal $191,176.00. (<u>Id.</u>) Although the requested attorneys' fees are lower than those Plaintiffs' counsel argue they would claim under

a lodestar calculation, the Court finds that the requested attorneys' fees are unreasonable.

First, Plaintiffs' counsel fails to provide the Court with any documentation supporting the claim that they expended 634.39 hours on this matter. (Doc. 60, Attach. 7 at 2.) Without providing timesheets detailing the tasks completed by each attorney and the time spent on each task, the Court cannot determine whether the hours expended on the matter are reasonable.

Second, the hourly rates that Plaintiffs' counsel based their lodestar analysis on exceed the range of reasonable and typical rates charged by attorneys in this district. According to the parties first motion for settlement approval, attorney Michele Fisher bills at $600 per hour; attorney Scott Brady bills at $400 per hour; attorney Phil Bohrer bills at $450 per hour; and attorney Neil Pederson bills at $325 per hour. (Doc. 60, Attach. 1 at 16.) These amounts exceed the reasonable and typical rates charged in the Southern District of Georgia. See, e.g., Morris v. Augusta-Richmond Cnty., Ga., No. 1:14-CV-196, 2017 WL 1078643, at *2 (S.D. Ga. Mar. 21, 2017) (finding a rate of $200 per hour reasonable in an FLSA settlement); Henry v. Vaughn, No. CV314-118, 2018 WL 2436448, at *2 (S.D. Ga. Jan. 4, 2018) (finding that a rate of $275 per hour was reasonable for an FLSA settlement). Accordingly, the Court cannot approve the settlement with an unsupported request for attorneys' fees.

9

IV.   <u>RELEASE PROVISION</u>

Finally, the Court finds that the settlement agreement's "Scope of Release" provision is too pervasive. A release in a FLSA settlement agreement "should be limited to FLSA liability." <u>Barnes</u>, 2013 WL 5651903, at *2. "[A] release in an FLSA settlement is generally reasonable so long as it is narrowly-tailored to the wage claims asserted in the complaint." <u>Monahan v. Rehoboth Hosp., Inc.</u>, No. 6:15-cv-1159-Orl-40KRS, 2015 WL 9258244, at *2-3 (M.D. Fla. Dec. 18, 2015).

The release provision in the parties' Settlement Agreement states that "[s]ettling Plaintiffs will waive and release all federal and state law wage claims they have, or may have brought, against Defendants from June 1, 2016 to April 1, 2019 . . . ." (Doc. 60, Attach. 4 at 5.) The Court finds this release too pervasive because it extends beyond FLSA liability to state law wage claims that the Plaintiff did not assert in the complaint. See <u>Mygrant</u>, 2019 WL 4620367, at *5 (finding release problematic "because [it] extend[ed] beyond 'just the FLSA claims' . . . to other wage and compensation claims under" state law). Accordingly, the Court cannot approve the Settlement Agreement with this release provision included.

**CONCLUSION**

For the foregoing reasons, the parties' Second Joint Motion for Approval of Settlement Agreements (Doc. 19) is **DENIED**. The

10

parties are **DIRECTED** to notify the 397 putative plaintiffs of the settlement terms prior to filing a third motion for settlement approval. The parties are **FURTHER DIRECTED** to update their Notice of Settlement and Release of Claims form (Doc. 60, Attach. 3), taking into consideration the issues identified above, and submit an updated form to the Court for approval within **thirty (30) days** from the date of this order.

SO ORDERED this _11th_ day of February 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

11