```
         IN THE UNITED STATES DISTRICT COURT FOR
              THE SOUTHERN DISTRICT OF GEORGIA
                      SAVANNAH DIVISION
```

ELIZABETH ELINKNAN,             )
                                )
    Plaintiff,                  )
                                )
v.                              )   CASE NO. CV418-108
                                )
RP FIELD SERVICE LLC and        )
NATIONAL CREDITORS CONNECTION,  )
INC.,                           )
                                )
    Defendants.                 )
_____)

## O R D E R

Before the Court is the Plaintiffs' Consent Motion for Final Approval of Settlement and Dismissal. (Doc. 70.) On January 19, 2021, the Court preliminarily approved the parties' settlement agreement concerning Plaintiffs' Fair Labor Standards Act ("FLSA") claims and permitted the parties to distribute notice of the settlement to Plaintiffs and putative plaintiffs. (Doc. 68 at 2-3.) Now, after distributing notice to the Plaintiffs, the parties move the Court for final approval of their settlement. (Doc. 70 at 1.) In addition to final approval of their settlement, the parties seek authorization to distribute the settlement funds; dismissal with prejudice of the individuals who chose to participate in the settlement; dismissal without prejudice of the individuals who chose not to participate in the settlement; dismissal of Defendant National Creditors Connection, Inc. without prejudice; and

dismissal of this action. (Id. at 1, 6-7.) After careful consideration, the parties' requests are **GRANTED**.

Pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982), and 29 U.S.C. § 216(b), the Court must scrutinize the proposed settlement of FLSA claims for fairness before entering a stipulated judgment. This Court will approve a compromised claim only if the settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id.; see 29 U.S.C. § 216(b). The Court finds that the parties' settlement is a fair and reasonable resolution of the parties' bona fide dispute.

On February 8, 2021, the parties sent the Court-approved notice to the 392 Plaintiffs and putative plaintiffs. (Doc. 70, Attach. 2 at ¶ 5.) The notice informed the Plaintiffs and putative plaintiffs of their rights in the settlement and the deadline for returning a Release of Claims form, objecting to, or requesting to be excluded from the settlement. (Id.) According to the parties, 211 Plaintiffs chose to participate in the settlement by timely returning a Release of Claims form.[1] (Doc. 70 at 1; Doc. 70, Attach. 2 at ¶ 11.) At the time the parties filed this motion, there were no objections or requests for exclusions filed. (Doc. 70, Attach. 2 at ¶¶ 12-15); see Columbus Drywall & Insulation, Inc. v. Masco

---

[1] Thirteen of the notices were returned to the settlement administrator as undeliverable. (Doc. 70, Attach. 2 at ¶ 6.)

Corp., No. 1:04-cv-3066-JEC, 2012 WL 12906499, at *3-4 (N.D. Ga. Oct. 26, 2012) (concluding the fact that not one objection was lodged after a campaign of direct mail notice of settlement "weighs heavily in favor of settlement approval").

Under the terms of the settlement agreement, $475,000.00 will be made available in a settlement fund to Plaintiffs that chose to participate in the settlement by timely returning their Release of Claims form. (Doc. 60, Attach. 4 at 3; Doc. 70 at 2.) The parties have agreed that one-third of the settlement fund will be used to pay Plaintiffs' counsels' attorneys' fees and the costs of litigation. (Doc. 60, Attach. 4 at 3.) The settlement agreement also provides that $14,000.00 of the settlement fund shall be allocated to Plaintiff Elizabeth Elinknan as a service payment and for her FLSA retaliation claim. (Id.)

Because the parties' settlement is a fair and reasonable resolution of the parties' bona fide dispute, the parties' motion (Doc. 70) is **GRANTED** and their settlement agreement (Doc. 60, Attach. 4; Doc. 66, Attach. 4) is **APPROVED**. Accordingly, the 211 Plaintiffs that chose to participate in the settlement (Doc. 70, Attach. 3) are **DISMISSED WITH PREJUDICE** and the 181 individuals that chose not to return their Release of Claims form (Doc. 70, Attach. 4) are **DISMISSED WITHOUT PREJUDICE**. Additionally, Defendant National Creditors Connection, Inc. is **DISMISSED WITHOUT**

3

**PREJUDICE**.[2] The parties are authorized to distribute the settlement funds per the terms of the approve settlement agreement within **ten (10) days** of this Order. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 2ND day of August 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Because the Court has dismissed Defendant National Creditors Connection in this order, the parties' stipulation of dismissal (Doc. 69) is **DISMISSED AS MOOT**.